50025. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. HAMMOCK.

STOLZ, Judge.

The employer and the insurer appeal from an order of the Fulton Superior Court reversing and remanding claimant's workmen's compensation claim to the State Board of Workmen's Compensation with direction that it "review anew the evidence in the case, making findings of fact as to whether the employee during the course and scope of his employment with the defendant-employer

sustained an accidental injury within the meaning of that term as defined by Code Ann. § 114-102 and that said board's determination not be limited to asbestos but that said board determine whether or not there was any foreign substance other than asbestos which could be considered as an accident-producing cause of any lung or respiratory conditions experienced by the claimant."

Prior to the order of the superior court, the Medical Board of the State Board of Workmen's Compensation, after reviewing extensive medical testimony, gave its opinion that the claimant "has a certain degree of chronic lung disease, most probably in the form of generalized pulmonary emphysema, but the [medical] board is unable to conclude that he has a pulmonary asbestosis, either clinically or by x-ray examination." The medical board went on to state its opinion that the claimant was not entitled to compensation under Code Ann. § 114-812. Subsequently, additional medical testimony was submitted to the medical board, but did not cause any modification of its findings or opinion.

The deputy director found as a matter of fact that the claimant had failed "to carry the burden of proof to show that he is disabled as the result of asbestosis as alleged in his claim and that based on the opinion of the Medical Board and their findings" the claim was denied. This award was affirmed by the State Board of Workmen's Compensation and adopted as its award.

The case was then remanded with direction that the medical board be reconvened to allow the conclusion of interrogation by the claimant's counsel. No change in award resulted from this remand. Subsequently, the case was remanded again with direction that the board review the evidence and make findings of fact as to whether the claimant sustained an accidental injury within the meaning of Code Ann. § 114-102. It is the findings of fact and award made pursuant to this order that form the basis of the remand which resulted in this appeal. The findings of fact and award made by the State Board of Workmen's Compensation which were reversed by the superior court and remanded are: "a. That the exposure to asbestos particles at the place of employment during the period the claimant was working for the defendant

employer was well within safety standards and requirements. b. That no agent other than asbestos is shown to have been present at the place of employment which can be considered as an accident-producing cause of any lung or respiratory conditions experienced by the claimant. c. That the claimant, while working as a brake shoe grinder with the defendant employer on or before May 26, 1966, did not sustain an accident arising out of and in the course of his employment, i.e., exposure to asbestos dust or particles, which caused or aggravated any pre-existing or co-existing chronic lung or respiratory condition, regardless of whether it be emphysema, bronchitis, or silicosis. d. That the claimant, while working as a brake shoe grinder with the defendant employer on or before May 26, 1966, did not sustain an accident arising out of and in the course of his employment which caused or contributed to his disability. *Award* Wherefore, Morris Hammock, claimant, is denied compensation."

The evidence showed that the claimant was employed by United States Asbestos, Division of Raybestos-Manhattan as a brake shoe grinder from 1957 or 1958 to 1966, at which time he and other workers went out on strike. When the strike was over, the claimant did not return to work, but did work some as a carpenter and operate a small fruit/vegetable stand. Prior to leaving his employer, the claimant collected a bag of dust from the brake shoe grindings, which was later turned over to his lawyer and then subjected to chemical analysis. The analysis was performed by Law and Company under the direction and supervision of Mr. Dan. L. Henry, a consultant in analytical chemistry and an expert in that field, who testified as to the analysis of the dust collected by the claimant previously referred to. As a part of his testimony, Mr. Henry stated that asbestos was present in the sample that was analyzed, and that silica was present in the sample that was analyzed; that serpentine is a synonym for asbestos, and quartz is a synonym for silica; that there is no quartz in asbestos at all (R. 83). The witness further explained, "There is a term used by the chemist when he is trying to depict to others the silicone present in a sample, no matter how it is combined. He

uses the term silica as an expression of it, and this was, of course, found. This silica represents that that was in the serpentine, and that that was in the quartz, plus that that was in the chlorite and other things," and that neither quartz nor asbestos is a component of the other (R. 84). This evidence is uncontroverted. There is medical testimony in the record to the effect that inhaling these foreign substances could aggravate the claimant's condition (R. 126, 781). This evidence is in direct conflict with the State Board of Workmen's Compensation's second finding of fact that "no agent other than asbestos is shown to have been present . . ."

The superior court correctly remanded the case to the State Board of Workmen's Compensation for a review of the evidence and additional findings of fact.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 4, 1975.

*Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellee.